# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELMER KEITH TAYLOR,

    Plaintiff,

    v.                                                     Case No. 06C0621

MILWAUKEE COUNTY PUBLIC SCHOOL,

    Defendant.

## ORDER

    Plaintiff Elmer Taylor, who is a prisoner proceeding pro se, lodged a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.  This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis.  The plaintiff has also filed a motion to add his mother as a plaintiff in this action.  Both motions will be addressed herein.

    The plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. § 1915(b)(1).  If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis.  To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months.  The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to, or the average monthly balance in, the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $11.18.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976),

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also, Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff is presently confined at the Milwaukee County Jail. The defendant is the Milwaukee County Public School. The plaintiff claims that the defendant failed to educate him in a proper manner in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, he alleges that when he began preschool in 1965, it was established that he 'had many problem[s]" and was subsequently placed in "slow learn classis [sic] which upon from first through twilth [sic] grade he was

subjective [sic] to a bad small town administrater [sic]." (Complaint ¶ IV at 3-4.) He further complains that the defendant

> pass[ed] the Plaintiff from class, grade year after year when the school record clear school couldn't read nor write, nor spell Plaintiff in reality suppose not pass for Plaintiff grade was (U) (D) but the teacher's Administration of 1960 1970 known years kids like Petitioner was suffering and wasn't gonna have bright future [sic] because of the learn [sic] disorder.

(Complaint ¶ IV at 4.)

The plaintiff alleges that he suffered emotionally and psychologically as a result of the defendant's actions. Consequently, he seeks compensatory damages in the amount of $20,000,000 and punitive damages.

By his own allegations, plaintiff's claim involves events that occurred between 1965 and the late 1970's – his preschool years through twelfth grade. Congress did not specify a federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. Instead, in such cases, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. Wilson v. Garcia, 471 U.S. 261, 280 (1985). "Wisconsin's six-year personal rights statute of limitations applies to §1983 actions" arising in Wisconsin. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989); see also Farrell v. McDonough, 966 F.2d 279, 281 (7th Cir. 1992). This period begins to run when a reasonable person knew or should have known of the facts supporting the claim. See Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997). Although a statute of limitations is an affirmative defense that a plaintiff is not required to "anticipate or plead around" in his complaint, see Leavell v. Kieffer, 189 F.3d 492, 494 (7th Cir. 1999), a plaintiff may plead himself out of court if he alleges facts that conclusively demonstrate that his claim is time-barred. See Del Korth v. Supervalu, Inc., 46 Fed. Appx. 846, 848 (7th Cir. Sept. 16.

2002) (citing Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 670 n. 14 (7th Cir. 1998) [collecting cases], cert. denied, 525 U.S. 1114 (1999)).

The plaintiff's complaint acknowledges being aware during his school years in the 1960's and 1970's that he was being passed from grade to grade despite his learning disorder and despite the deficiencies in his educational instruction. Specifically, plaintiff states that he could "recall coming home and telling [his] Mother Kathleen Taylor that he couldn't learn in this envirnment [sic] thies [sic] teacher[s] kept him basicly caught in it wasn't conducive to emotional psychological health." (Complaint at "Statement of Petition.") Therefore, the complaint demonstrates that plaintiff had knowledge of the defendant's conduct more than six years before he filed this suit on May 25, 2006. As a result, the plaintiff's action is time-barred and will be dismissed pursuant to 28 U.S.C. §1915A(b)(1). See Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term "frivolous" is used to denote not only a claim that is wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.")

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as lacking any arguable basis in law.

**IT IS ALSO ORDERED** that the plaintiff's motion to add a plaintiff is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $338.82 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated in Milwaukee, WI this 2 day of August, 2006.

/s_____
LYNN ADELMAN
District Judge

- 6 -

Case 2:06-cv-00621-PJG   Filed 08/03/06   Page 6 of 6   Document 8